UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MERCEDES BRUCE | ) |
| | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) |
| LINDSAY YORK FANTACI, MD, LLC | ) |
| | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mercedes Bruce, by counsel, brings this Complaint against her former employer, Lindsay York Fantaci, MD, LLC, and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff, Mercedes Bruce ("Ms. Bruce" or "Plaintiff") brings this lawsuit pursuant to the overtime and anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et. seq.* (the "Wage Payment Act"), for, *inter alia,* unpaid wages, liquidated damages, penalty wages, and attorney's fees and costs.

## THE PARTIES

2. Ms. Bruce is an individual residing in Lafitte, Louisiana. Ms. Bruce was formerly employed by Lindsay York Fantaci, MD, LLC until her employment was terminated on January 27, 2020.

3. Defendant Lindsay York Fantaci, MD, LLC ("York LLC") is a Louisiana limited liability company authorized to do and doing business in Jefferson Parish, Louisiana with its principal place of business located at 1111 Medical Center Boulevard, Suite N803, Marrero, Louisiana 70072. York LLC is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## PARTIES

6. Ms. Bruce was, at all relevant times, an employee of York LLC.

7. Ms. Bruce was an hourly employee of York LLC.

8. York LLC is a Louisiana limited liability company with its headquarters and principle place of business in Jefferson Parish, Louisiana. It may be served by service upon its registered agent, Lindsay York Fantaci at 433 Hector Avenue, Metairie, Louisiana 70005 or any other method authorized by law.

9. Dr. York is a natural person. She may be served by service upon her at 433 Hector Avenue, Metairie, Louisiana 70005, or at 1111 Medical Center Boulevard, Suite N803, Marrero, Louisiana 70072, or wherever she may be found.

10. At all relevant times, Dr. York was an owner of York LLC.

11. At all relevant times, Dr. York was a manager of York LLC.

12. At all relevant times, Dr. York was a member of York LLC.

13. At all relevant times, Dr. York exerted operational control over York LLC.

14. York LLC and Dr. York employed and/or jointly employed Ms. Bruce.

15. York LLC and Dr. York are joint employers for purposes of the FLSA.

## COVERAGE UNDER THE FLSA

16. York LLC was an employer of Ms. Bruce within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. York LLC was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. During the last three years, York LLC has had gross annual sales in excess of $500,000.

19. York LLC is an employer engaged in or affecting interstate commerce. It is subject to the minimum wage and overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*.

## FACTS

20. York LLC is a pediatric medical practice located in Marrero, Louisiana, providing medical care to infants through adolescents.

21. Ms. Bruce began working for York LLC on October 22, 2019.

22. Ms. Bruce was employed as a medical assistant for York LLC office from October 2019 to January 27, 2020.

23. Ms. Bruce was an hourly employee of York LLC.

24. York LLC did not pay Ms. Bruce a salary.

25. York LLC did not pay Ms. Bruce on a fee basis.

26. York LLC paid Ms. Bruce by the hour.

27. York LLC paid Ms. Bruce $14.50 per hour.

28. Ms. Bruce reported the hours she worked to York LLC in the office on a regular basis. These hours are reflected in York LLC's records.

29. Ms. Bruce normally worked more than 40 hours in a week.

30. For example, while Ms. Bruce would often be scheduled to work from 8 a.m. to 6 p.m. or 8 a.m. to 5 p.m., she would often be the last to leave the office between 7:30 and 9:00 p.m., completing the necessary work for the day, including, *inter alia,* filing documents in patient charts, inputting patient vaccines into the office's computer system, and verifying that all vaccines were properly accounted for.

31. In addition, even after Ms. Bruce left the office, she would generally continue working from home for 2 to 3 hours in the evening, performing tasks such as preparing monthly meeting documentation, reviewing job applications and communicating with job applicants, creating documents for the office, and responding to messages from her supervisor, Ms. Romano, throughout the evening. In a given workweek, Ms. Bruce would often work more than 60 hours.

32. York LLC did not compensate Ms. Bruce for all hours worked.

33. York LLC was well aware of the overtime requirements of the FLSA, as evidenced by the fact that York LLC paid Ms. Bruce overtime for certain hours over 40 worked at the office in a given week.

34. York LLC nonetheless failed to pay Ms. Bruce, an hourly employee, an overtime premium for all overtime hours worked.

35. York LLC had actual or constructive knowledge that Ms. Bruce was performing work functions in the evening from her home.

36. York LLC did not pay Ms. Bruce at all—let alone an overtime premium—for time spent performing work functions in the evenings from her home.

37. York LLC's failure to pay overtime (or any amount at all) to Ms. Bruce for the hours worked at home was a willful violation of the FLSA.

38. During Ms. Bruce's employment, York LLC deducted one-half hour (30 minutes) from each day's worked hours on the basis that such time constituted the unpaid lunch period for Ms. Bruce. However, due to the demands of the office, Ms. Bruce generally was not able to take a lunch break and instead worked through lunch.

39. York LLC's deduction of a 30-minute lunch break from Ms. Bruce's compensation for time that she worked was a willful violation of the FLSA.

40. On December 30, 2019, York LLC ran out of respiratory panels in the middle of the morning clinic. Respiratory panels are used regularly by York LLC to run a variety of diagnostic tests and are needed for everyday operations of the office. Office manager Caitlin Romano had failed to place the order in late November 2019 despite receiving notice from another employee that additional panels were needed. As a result, the office fell behind on running panels for the clinic on December 30, 2019.

41. The office was scheduled to be closed on December 31, 2019. However, Ms. Romano required Ms. Bruce and another employee to work that day in order to run the panels from the previous day. Ms. Bruce worked from 8:05 a.m. to 6:24 p.m. on December 31, 2019.

42. On January 15, 2020, Ms. Bruce received her check stub and realized that she had not been paid for all hours worked. Ms. Bruce spoke with the payroll department to inquire about the discrepancy and was told that she was not paid for her time on December 31, 2019 because she had not been approved to work that day. This was not true, because Ms. Romano had instructed Ms. Bruce to work that day.

43. Between January 15, 2020 and January 27, 2020, Ms. Bruce complained to Ms. Romano and Dr. York on several occasions regarding York LLC's failure to pay her for her work on December 31, 2019.

44. In mid-January 2020, Ms. Bruce notified Ms. Romano that she had contacted the Department of Labor and that she planned to file a complaint if the pay issue was not corrected.

45. On or around January 16, 2020, Ms. Bruce submitted a written complaint form to the Louisiana Workforce Commission Department of Labor regarding her unpaid wages and altered timesheets.

46. After doing so, Ms. Bruce learned that her wage complaint would have to be filed with the U.S. Department of Labor, not the state Workforce Commission.

47. In or around mid-January 2020, Ms. Bruce learned from an employee in the payroll department that her time for December 31, 2019 had been docked by York LLC.

48. On or around January 20, 2020, Ms. Bruce learned through records provided by the same employee in the payroll department that her timecards for multiple work days between December 31, 2019 and January 20, 2020 had been altered in red pen by Ms. Romano.

49. Soon after learning that her time records had been altered, Ms. Bruce contacted the U.S. Department of Labor (DOL) her unpaid wages.

50. In late January 2020, Ms. Bruce filed a complaint with DOL regarding her unpaid wages.

51. On January 27, 2020, Ms. Bruce's employment with York LLC was terminated by Ms. Romano.

52. At the time of Ms. Bruce's termination, Ms. Romano did not provide a reason for her termination.

## FIRST CAUSE OF ACTION:
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

53. Ms. Bruce hereby incorporates all other paragraphs of this Complaint by reference as if fully set forth here.

54. By failing to pay Ms. Bruce overtime or at 1.5 times her regular rate for all overtime hours worked, York LLC violated the FLSA, 29 U.S.C. § 207(a).

55. York LLC owes Ms. Bruce the difference between the rate actually paid, if any, and the proper overtime rate.

56. Because York LLC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, York LLC owes Ms. Bruce an amount equal to the unpaid wages and overtime wages as liquidated damages.

57. Ms. Bruce is entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## SECOND CAUSE OF ACTION: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT BY FAILURE TO PAY FOR ALL HOURS WORKED

58. Ms. Bruce hereby incorporates all other paragraphs of this Complaint by reference as if fully set forth here.

59. By failing to pay Ms. Bruce for all hours worked, including but not limited to the hours worked on December 31, 2020 and all hours worked in the evenings during her employment with York LLC, York LLC violated the FLSA, 29 U.S.C. § 206.

60. By regularly deducting 30 minutes of daily compensation from Ms. Bruce's compensation despite the fact that Ms. Bruce did not take a lunch break, York LLC violated the FLSA, 29 U.S.C. § 206.

61. York LLC owes Ms. Bruce compensation for all unpaid hours worked during her employment.

62. Because York LLC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, York LLC owes Ms. Bruce an amount equal to the unpaid wages as liquidated damages.

63.     Ms. Bruce is entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT'S
### ANTI-RETALIATION PROVISION

64.     Ms. Bruce hereby incorporates all other paragraphs of this Complaint by reference as if fully set forth here.

65.     Ms. Bruce exercised her rights and engaged in protected activity under the FLSA by, *inter alia,* complaining to Defendant about not receiving all compensation owed to her and by contacting the U.S. Department of Labor regarding her unpaid wages.

66.     Defendants retaliated against Ms. Bruce for exercising her rights under the FLSA as heretofore alleged.

67.     As a result of Defendants' unlawful conduct, Ms. Bruce is entitled to compensatory damages, lost wages, liquidated damages equal to lost wages, punitive damages, and other appropriate equitable relief.

68.     Ms. Bruce is entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF THE LOUISIANA WAGE PAYMENT ACT

69.     Ms. Bruce hereby incorporates all other paragraphs of this Complaint by reference as if fully set forth here.

70.     Despite demands from Plaintiff, Defendants have failed to pay Ms. Bruce the wages due under the terms of her employment after her termination within the time period prescribed by the Louisiana Wage Payment Act, La. Rev. Stat. § 23:631, *et seq.*

71.     Accordingly, Plaintiff is not only entitled to recover her unpaid wages, but also

penalty wages, attorney's fees, costs, and judicial interest.

## RELIEF SOUGHT

WHEREFORE, Ms. Bruce prays for judgment against Defendants as follows:

(a) For an order finding York LLC liable for violations of wage laws;

(b) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty wages;

(c) For a judgment awarding Ms. Bruce her costs of this action;

(d) For a judgment awarding Ms. Bruce her attorney's fees;

(e) For a judgment awarding Ms. Bruce pre- and post-judgment interest at the highest rates allowed by law; and

(f) For all such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff Mercedes Bruce respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kerry A. Murphy*
Kerry A. Murphy, T.A. (La. Bar No. 31382)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
***Attorney for Plaintiff***